UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LUNDSTROM,<br><br>                      Plaintiff,<br><br>v.<br><br>CARLA YOUNG, an individual; LIGAND PHARMACEUTICALS, INC.; LIGAND PHARMACEUTICALS, INC. 401(k) PLAN; and DOES 1 through 20, inclusive,<br><br>                      Defendants. | CASE NO.: 3:18-cv-02856-GPC-MSB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[DKT. No. 17]** |

Before the Court is a motion for leave to file a first amended complaint, filed by Plaintiff Brian Lundstrom ("Plaintiff"). ECF No. 17. On May 17, 2019, Defendant Ligand Pharmaceuticals filed an opposition to the motion. ECF No. 29. On May 20, 2019, Defendant Carla Young also filed an opposition to the motion. ECF No. 31. Upon review of the moving papers, the Court **GRANTS** the motion for leave to amend.

**I.    Background**

On December 20, 2018, Plaintiff filed his complaint against Defendants Ligand Pharmaceuticals and Ms. Carla Young (collectively, "Defendants"). ECF No. 1.

Defendants each filed independent motions to dismiss the complaint on March 11 and March 12, 2019. ECF Nos. 6 and 7.

On April 5, 2019, Plaintiff's counsel contacted counsel for Ms. Young and Ligand to seek their consent to a proposed Motion for Leave to File an Amended Complaint. Declaration Paul D. Woodard, ¶ 5, 6. Both Ms. Young and Ligand declined to consent to this proposed motion. Decl. Woodard ¶ 6. Plaintiff now seeks an order permitting him to file this proposed First Amended Complaint.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

## III. Discussion

Plaintiff argues that this Court should grant his motion for leave to file an amended complaint because such motions are granted liberally. Because the proposed amendments have been brought in a timely manner – before any discovery has taken place and prior to even the publication of a scheduling order, Plaintiff contends the proposed amendments are not prejudicial. Plaintiff also submits that Defendants' arguments about litigation costs are generally insufficient to prove prejudice. He further argues that his proposed amendments are not brought in bad faith, that Defendants'

2

3:18-cv-02856-GPC-MSB

futility arguments are more suited for a motion to dismiss rather than the motion at hand, and that the proposed amendments achieve judicial economy.

Neither Ligand nor Ms. Young argue that Plaintiff's motion was unduly delayed. However, Ms. Young posits that Plaintiff requests amendment in bad faith – and in furtherance of an attempt to increase costs of litigation and induce settlement. In support of this contention, Ms. Young argues that the amendments do not sufficiently address the motion to dismiss. Both defendants also implore the Court to deny the motion under futility and prejudice. Ligand argues that the amendment would be futile for two reasons: (1) the *Rooker-Feldman* doctrine bars the claim; and (2) the matter does not lend itself to a plausible claim for relief since option holders are not owed a fiduciary duty in the first place. Similarly, Ms. Young argues that Plaintiff's amendment is rendered futile by (1) application of *Rooker-Feldman* and (2) lack of personal jurisdiction. Finally, Ligand argues that the proposed amendment is prejudicial as it would require Ligand to expend significant resources in litigation. In asking the Court to consider the Motion to Dismiss first, Ligand avers that it can save resources that would otherwise be spent on re-filing and litigating another motion. Ms. Young likewise argues that litigation costs would be prejudicial. She points out that despite years of litigation in Texas, she now faces the possibility of an inconsistent ruling from this Court.

### A. Undue Delay

Because Ligand nor Ms. Young argue that Plaintiff's motion was unduly delayed – and because the litigation is in its nascent stages – the Court finds that there is no showing of undue delay.

### B. Bad Faith

The Ninth Circuit has previously found that bad faith exists where the moving party intends to harass the non-moving party or otherwise disrupt litigation. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). In other words, a party acts in bad faith where, for example, "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," *See Griggs v. Pace AM. Grp., Inc.*, 170 F.3d 877, 881

(9th Cir. 1999) (citations omitted), or when plaintiffs attempt to use the amendment to change the warrantlessly change the nature or venue of the case, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Plaintiff also proffers that "examples of bad faith have included – but are not limited to – instances in which a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010).

Ms. Young postulates that Plaintiff's sole purpose of filing his Complaint before this Court "is to increase the costs of litigation for Ms. Young so that she is forced to enter into a global settlement with Plaintiff to resolve the disputes between the Parties before the Texas Court." ECF No. 31 at 21. Moreover, Ms. Young believes that the request for leave to amend underscores "bad faith dilatory tactics" on the basis that the proposed amendments do not sufficiently address the four legal reasons for dismissal articulated in Ms. Young's Motion to Dismiss. ECF No. 31 at 21.

The Court finds no basis to conclude that a bad faith motive underlies Plaintiff's request to amend. It appears that Plaintiff aims to amend the complaint to "add an additional cause of action against Ligand for breach of fiduciary duty." ECF No. 17 at 9. Plaintiff also seeks to provide "additional factual details to address issues raised in Ms. Young's Motion to Dismiss." *Id.* As such, the Court finds agrees that the proposed FAC is being offered for valid purposes and does not simply constitute an effort to prolong disrupt or prolong litigation.

**C. Futility**

While Courts can freely grant leave to amend under Rule 15, the Court may also deny leave for futility on a discretionary basis when a proposed amendment lacks a cognizable legal basis. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). Amendments can be considered futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

4

defense." *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted). Examples of futile amendments include those that are "duplicative of existing claims" or "patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted).

Denial of leave to amend for futility is rare since Courts typically defer consideration on the merits until after an amended pleading has been filed. *See, e.g., Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (pointing that there is a "general preference against denying a motion for leave to amend based on futility); *Allen v. Bayshore Mall*, 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). Courts have liberally construed the standard for leave to amend on the basis that parties' arguments are better developed through a motion to dismiss. And when the parties' arguments are more completely formed, Courts are better able to rule on the sufficiency of the allegations presented. This Court surmises that denial of leave to amend is even more remarkable and aberrant when Plaintiff has never before sought leave and has filed only his first iteration of the operative Complaint.

Defendants proffer that leave to amend should be denied on futility grounds because Plaintiff's amendment – and initial pleading – alleges facts that circumvents the *Rooker-Feldman Doctrine*. In addition, Defendant offers that the Court lacks personal jurisdiction and that Plaintiff's claims are fail as futile because option holders are owed no fiduciary duty. Upon evaluation, the Court finds that *Rooker-Feldman* is not appropriately broached in the context of the instant motion and the issues of personal jurisdiction and fiduciary duty to option holders are better-suited to a motion to dismiss than the instant motion for leave to file an amended complaint.

Here, analysis under *Rooker-Feldman* is more appropriately conducted upon a motion to dismiss. The *Rooker-Feldman* doctrine holds that direct challenge to a state

court's judgement in a federal district court is a de facto appeal and is therefore impermissible. To invoke *Rooker-Feldman*, "a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Such analysis, which would require this Court to undergo an in-depth examination of the merits of Plaintiff's claims, would be better suited in the context of a motion to dismiss an amended complaint. This is consistent with this Court's previous decision in *St. Jon v. Tatro*, where this Court applied *Rooker-Feldman* to adjudicate claims under a motion to dismiss. *St. Jon*, No.: 15-CV-2552 GPC (JLB), 2016 WL 1162678 (S.D. Cal. 2016). Accordingly, the Court finds that analysis of the claims under *Rooker-Feldman* at this juncture – in the context of the Plaintiff's first request for leave to amend – would be premature.

Defendants' questions of personal jurisdiction and fiduciary duty to option holders are also both better suited to a motion to dismiss rather than to the motion at hand. Indeed, the Court notes that Ms. Young's relies on *Morrill v. Scott Fin. Corp.*, which deals with personal jurisdiction in the context of a motion to dismiss rather than a motion for leave to file an amended complaint. *Morrill*, 873 F.3d 1136, 1156 (9th Cir. 2017). As such, the Court agrees with Plaintiff that Defendants' opposition is not the appropriate vehicle for challenging the sufficiency of Plaintiff's Complaint.

For the foregoing reasons, Ligand and Ms. Young have failed to adequately assert that the proposed amendment lacks a cognizable legal basis. In addition, Ligand and Ms. Young's futility arguments predominantly go to the merits or facts of the allegations. Those arguments are better attacked by a motion to dismiss after the filing of an amended complaint. As such, the Court finds that Defendants' futility arguments alone are premature and insufficient to deny leave to demand.

**D. Prejudice to Opposing Parties**

Courts have typically found that the "prejudice factor" under Rule 15 "carries the greatest weight." *Eminence Capital, L.L.C.*, 316 F.3d at 1052. Under Ninth Circuit

precedent, substantial prejudice exists when the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). But "neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). Moreover, it is important to note that "litigation expenses alone do not equal prejudice." *Clark v. Citizens of Humanity, LLC*, 97 F. Supp. 3d 1199, 1209 (S.D. Cal. 2015). *See also Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1145 (S.D. Cal. 2018) (opining that the "expenditure of additional monies or time do not constitute undue prejudice). In addition, Courts have often held that no prejudice exists when motion for leave to amend is brought "at an early stage in the proceedings." *See SAP AG. V. i2 Techs., Inc.,* 250 F.R.D. 472, 474 (N.D. Cal. 2008).

The present litigation is at early stage. The Plaintiff filed his initial complaint in late December of 2018. He has not previously amended his initial Complaint and the present motion is his first request to do so. As it stands, the Court finds that the proposed amendments will not prejudice the parties but rather may enhance their understanding of all the relevant facts of the case. As contemplated in *Stearns* and *Clark*, Plaintiffs' concerns about delay and costs alone do not establish a sufficient showing of prejudice. And at this stage, the Court finds Defendants' arguments against amendment appear to be based on speculative grounds that have been struck down in other cases before the Court. All in all, the proposed amendment does not resemble the sort of "radical shift in direction … tenuous nature, and the inordinate delay" that the Ninth Circuit has found prejudicial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Accordingly, the Court concludes that Defendants have not bore their burden of showing that granting leave to amend will result in prejudice.

7

3:18-cv-02856-GPC-MSB

**E. Conclusion**

For the forgoing reasons, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 17, is **GRANTED**;

2) Defendant Ligand's Motion to Dismiss Plaintiff's Complaint, ECF No. 11, is **DENIED AS MOOT**;

3) Defendant Carla Young's Motion to Dismiss Plaintiff's Complaint, ECF No. 6, is **DENIED AS MOOT**; and

4) Plaintiff Brian Lundstrom's Ex Parte Motion for Order Modifying Briefing Schedule on the Pending Motions to Dismiss, ECF No. 34, is **DENIED AS MOOT**.

5) Defendant Carla Young's Motion for Sanctions, ECF No. 22, is DENIED AS MOOT.

Accordingly, Plaintiff must file a first amended complaint in the above-entitled action within **20 days** from the date of entry of this order.

Dated: June 3, 2019

Hon. Gonzalo P. Curiel
United States District Judge