UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LUNDSTROM,<br><br>            Plaintiff,<br><br>   v.<br><br>CARLA YOUNG, an individual; LIGAND PHARMACEUTICALS INCORPORATED, LIGAND PHARMACEUTICALS INCORPORATED 401(k) PLAN; and DOES 1 through 20,<br><br>Defendants. | Case No. 3:18-CV-2856-GPC-MSB<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>**[ECF Nos.: 9, 24.]** |

Before the Court are two requests to seal portions of the parties' briefings in support of their motions to dismiss. ECF Nos. 9 and 24. No oppositions have been filed. Upon review of the moving papers, the information to be sealed, the applicable law, and for the following reasons, the Court **GRANTS** each of the motions in their entirety.

## **LEGAL STANDARD**

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. *See KL Group v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Id.* at 1178-79.

The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* (Amodeo II ), 71 F.3d 1044, 1048 (2d Cir.1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th Cir.1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (*quoting Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." Nixon, 435 U.S. at 599. In the past, courts have found that compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

Previously, some courts applied a "compelling reason" or "good cause" standard for sealing depending on whether the pending motion was dispositive or non-dispositive. *E.g*., *Kamakana*, 447 F.3d at 1180 (9th Cir. 2006) (parties seeking to seal documents in a dispositive motion must provide "compelling reasons" to support a sealing whereas for non-dispositive motions the parties must show a lesser "particularized showing" under the "good cause" standard pursuant to Federal Rule of Civil Procedure 26(c)); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002) (when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted).

Other courts rejected this binary approach. *In re Midland National Life Insurance Company Annuity Sales Practices Litigation*, 686 F.3d 1115 (9th Cir.2012), is one such case that rejected the literal dispositive/nondispositive label. In that case, an intervenor moved to unseal documents attached to a *Daubert* motion. *Id*. at 1118. The district court, like the district court here, concluded that the documents should remain under seal because "the *Daubert* motion was non-dispositive," as it "would not have been a

determination on the merits of any claim or defense." *Id*. at 1119. The Ninth Circuit rejected the district court's focus on whether the motion was literally "dispositive": "That the records are connected to a *Daubert* motion does not, on its own, conclusively resolve the issue." *Id*. As the motion, in effect, "pertain[ed] to central issues bearing on defendant's summary judgment motion," we treated that motion as dispositive. *Id*. Similarly, the court in *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) observed that it would not allow the technically nondispositive nature of a *Daubert* motion to cloud the reality that it was able to significantly affect the disposition of the issues in the case.

## **DISCUSSION**

The Court is convinced that good cause exists to seal the unredacted portions of these motions and exhibits that include documents previosly sealed by the Texas Court in the Tarrant County 231st Judicial District's March 22, 2017 Order. Upon review, it is clear that the overwhelming majority of the information that the parties seek to seal constitute prior domestic proceedings that concern child support and domestic relations matters. Moreover, the parties have articulated compelling reasons to seal these documents on the basis that they contain sensitive personal information. This is further evidenced by the fact that the Texas state court has already required that these documents be kept under seal. This Court finds no reason to come to a different conclusion. And finally, the parties seek to seal only limited redacted portions of the Exhibits and the Memorandum of Points and Authorities in support of their Motions to Dismiss.

//
//
//
//
//
//
//

Accordingly, the Court finds that the requests to seal are narrowly tailored and sufficiently particularized such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims. As such and in the light of the aforementioned compelling reasons justifying sealing, the Court **GRANTS** each of the motions to seal or file redacted versions identified by the **following table** in its entirety.

**IT IS SO ORDERED.**

Dated: June 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge

| **ECF No.** | **Movant** | **Document to be Sealed** |
|---|---|---|
| 7, Exhibit 1 | Carla Young | A true and correct copy of Tarrant County's 231st Judicial District's Court Order on September 13, 2017 which enters judgment for child support. |
| 7, Exhibit 2 | Carla Young | A true and correct copy of Tarrant County's 233rd Judicial District's Court Order on April 27, 2017 Regarding Capias Order. |
| 7, Exhibit 3 | Carla Young | A true and correct copy of Tarrant County's 233rd Judicial District's Court Order April 27, 2017 Regarding Commitment Order. |
| 7, Exhibit 4 | Carla Young | A true and correct copy of Tarrant County's 231st Judicial District's Court Order on April 5, 2017 Regarding Relief to Collect Outstanding Judgments. |
| 7, Exhibit 5 | Carla Young | A true and correct copy of Tarrant County's 233rd Judicial District's Court Order on March 4, 2015 Regarding Contempt Order. |
| 7, Exhibit 6 | Carla Young | A true and correct copy of Tarrant County's 231st Judicial District's Court Order on November 21, 2017 Regarding Qualified Domestic Relations Order. |

| | | |
|---|---|---|
| 7, Exhibit 7 | Carla Young | A true and correct copy of Tarrant County's 231st Judicial District's Court Order on January 22, 2018 Regarding Domestic Relations Order. |
| 7, Exhibit 8 | Carla Young | A true and correct copy of February 1, 2018 Second District Court of Appeal Opinion. |
| 7, Exhibit 9 | Carla Young | A true and correct copy of February 26, 2018 Second District Court of Appel Opinion. |
| 7, Exhibit 10 | Carla Young | A true and correct copy of June 8, 2018 Supreme Court of Texas Order. |
| 7, Exhibit 11 | Carla Young | A true and correct copy November 16, 2018 Supreme Court of Texas Order. |
| 7, Exhibit 12 | Carla Young | A true and correct copy of Plaintiff's August 8, 2018 Notice of Registration filed in San Diego Superior Court, Case No. 18FL009397C. |
| 7, Exhibit 13 | Carla Young | A true and correct copy of Ms. Young's declaration in support of opposition to Plaintiff's Ex Parte Application to Stay Earnings Withholdings Order, Case No. 18FL009397C, wherein Ms. Young objects to jurisdiction of California. |
| 7, Exhibit 14 | Carla Young | A true and correct copy of San Diego Superior Court's January 8, 2019 Order denying Plaintiff's Ex Parte Application. |
| 7, Exhibit 15 | Carla Young | A true and correct copy Tarrant County's 231st Judicial District's Court Order on March 22, 2017 to Seal Court Records. |
| 7, Exhibit 16 | Carla Young | A true and correct copy Tarrant County's 233rd Judicial District's Court Order on December 3, 2013 Regarding Enforcement by Contempt. |
| 7, Exhibit 17 | Carla Young | A true and correct copy Tarrant County's 233rd Judicial District's Court Order on February 13, 2015 Revoking Suspension. |
| 7, Exhibit 18 | Carla Young | A true and correct copy Tarrant County's 233rd Judicial District's Court Order on February 17, 2016 Regarding Order for Capias. |
| 9 | Ligand | Portions of Memorandum of Points and Authorities in support of their Motion to Dismiss at page and line numbers: 1:7, 2:21-23, 3:1-17, 3:24-26, 3:28-29, 4:1, and 10:7-8. |