1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10
11   BRIAN LUNDSTROM,                    Case No.:  18-cv-2856-GPC
12                        Plaintiff,     **ORDER DENYING DEFENDANT
                                         YOUNG'S MOTION FOR
13   v.                                  SANCTIONS**
14   CARLA YOUNG, an individual;
     LIGAND PHARMACEUTICALS, INC.;       **[ECF No. 113]**
15   LIGAND PHARMACEUTICALS, INC.
16   401(k) PLAN; and DOES 1 through 20,
17                        Defendants.
18
19        Before the Court is Defendant Young's ("Defendant" or "Young") Motion for
20   Sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11 and 28 U.S.C. § 1927.
21   ECF No. 113. Plaintiff Brian Lundstrom ("Plaintiff" or "Lundstrom") filed a Response on
22   September 14, 2022. ECF No. 117. Defendant Young filed a Reply on September 21,
23   2022. ECF No. 118. For the reasons below, the Court **DENIES** Defendant's Motion for
24   Sanctions.
25                            **BACKGROUND**
26
27                                      1
28

The Parties are familiar with the facts of this proceeding, and the Court will not recount them here. Defendant Young seeks sanctions against Plaintiff and his Counsel pursuant to Rule 11 and 28 U.S.C. § 1927. Specifically, Defendant argues Plaintiff engaged in sanctionable conduct by: (1) misrepresenting the lack of notice he received to appear before a Texas court; (2) misrepresenting that the Texas commitment order was overturned; (3) increasing vexatious litigation in this Court before the Honorable Anthony J. Battaglia; and (4) prosecuting a frivolous breach of contract claim against Young, and then abandoning it. ECF No. 113-1 at 5.[1] Plaintiff opposes. ECF No. 117.

## LEGAL STANDARD

Rule 11 requires that an attorney who signs a pleading must certify that: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument the law should be changed; and (3) any factual contention has evidentiary support. Fed. R. Civ. P. 11(a) & (b). Rule 11 is judged by an objective standard; the subjective intent of an attorney is irrelevant. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

In the Ninth Circuit, complaints may be challenged only for "frivolousness," defined as a "filing that is both baseless and made without reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The question is whether a reasonable attorney, after conducting an inquiry into the facts and law, would determine that the complaint is well-founded. *See also Truesdell v. So. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002). Cases warranting the impositions of sanctions for frivolous complaints are "rare and exceptional," *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

---

[1] The cited page numbers refer to CM/ECF pagination.

2

18-cv-2856-GPC

28 U.S.C § 1927 states that an attorney may not "multipl[y] the proceedings in any case unreasonably and vexatiously." Sanctions under § 1927 must be supported by a finding of subjective bad faith. *New Alaska Dev. Corp.*, 869 F.2d at 1306. Bad faith is present when "an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1989) (citing *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050-51 (9th Cir. 1985); *Lone Ranger Television, Inc. v. Program Radio Corp.* 740 F.2d 718, 727 (9th Cir. 1984)).

## DISCUSSION

### I.    Rule 11

For Rule 11 sanctions to be appropriate in this case, it must be shown that Plaintiff's Second Amended Complaint was frivolous. "Frivolousness" is defined as "baseless and made without reasonable and competent inquiry." *Townsend*, 929 F.2d at 1362. An attorney's subjective intent does not matter under Rule 11, but rather "'[i]f judged by an objective standard, a reasonable basis for the position exists in both law and fact at the time the position is adopted, then sanctions should not be imposed.'" *White v. LA Pilates Carlsbad*, 2021 WL 1626315, at *1 (S.D. Cal. Apr. 27, 2021) (quoting *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992)). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust*, 859 F.2d at 1345. Under this standard, Plaintiff's arguments and factual representations in the Second Amended Complaint were not so frivolous as to warrant Rule 11 sanctions.

First, Defendant argues that Plaintiff misrepresented the lack of notice he received as to the Texas court entering the 401(k) QDRO and Stock DRO. Plaintiff and Defendant appear to be talking past each other on this point. In the Motion for Sanctions, Young argues Plaintiff Lundstrom received notice of the March 22, 2017 and April 5, 2017 hearings, and that this fact is uncontested. ECF No. 113-1 at 10. Plaintiff responds that

his notice of those hearings is irrelevant; his argument is that he did not receive sufficient notice "at the time the 401(k) QDRO and Stock DRO were **submitted** to the Texas court for signature." ECF No. 117 at 10 (emphasis in original). Plaintiff and Defendant have differing viewpoints on whether notice of the *signing* of the Orders by the Texas court is required by Texas law and/or the United States Constitution. *See e.g.*, ECF No. 117 at 13 (Plaintiff's Response to Motion for Sanctions) ("Plaintiff had a right to notice and a hearing under the U.S. Constitution and Texas Law."); ECF No. 118 at 4 (Defendant's Reply) (arguing the signing of the Orders was a "ministerial act" and thus no additional notice was required); ECF No. 118 at 5 (Defendant's Reply) ("There is absolutely no case law or procedural requirement under Texas law that Plaintiff receive notice of the Court _**signing**_ the QDRO and DRO." (emphasis in original)). The Court does not attempt to resolve this question but finds that the existence of non-baseless arguments on both sides renders this allegation not frivolous and not grounds for Rule 11 sanctions.

Second, the Court does not find that Plaintiff misrepresented to the Court that the Commitment Order against him was overturned. Defendant argues that "Plaintiff filed an Opposition to the Motion [to Dismiss] with his supporting declaration stating the Court of Appeals overturned the Texas State arrest warrants sought by Young." ECF No. 113-1 at 12. Plaintiff responds that he "did not make such a broad statement" and instead only said that the first Commitment Order against him was overturned. ECF No. 117 at 13-14. The Court agrees with Plaintiff. Plaintiff did not tell this Court or lead this Court to believe that there are no Commitment Orders against Plaintiff at this time. At worst, both Parties are guilty of omission. Defendant failed to draw the Court's attention to the first Commitment Order that was overturned on November 17, 2016, and Plaintiff failed to tell this Court that there was currently a valid warrant for his arrest in the state of Texas. Plaintiff argues the fact of a valid arrest warrant is irrelevant because the fugitive disentitlement doctrine has no application to this case. ECF No. 117 at 14. Because the

4

application of the fugitive disentitlement doctrine to Plaintiff's case is a question with non-baseless arguments on both sides,[2] the Court again finds these representations and/or omissions do not warrant Rule 11 sanctions.

Third, Defendant argues that Plaintiff should be sanctioned under Rule 11 because he did not defend his breach of contract claim in his Opposition to Young's Motion to Dismiss, and thus the claim was frivolous. ECF No. 113-1 at 15. Plaintiff confirms that he intends to no longer pursue the breach of contract claim, and the Court has dismissed it. ECF No. 117 at 17; ECF No. 120 at 32-33. The Court finds that Plaintiff's voluntary abandonment of one claim for relief pled in the Second Amended Complaint does not support Rule 11 sanctions. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540-41 (9th Cir. 1986) ("Nothing . . . supports the view that [Rule 11] empowers the district court to impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found by the district court to be unjustified."); *see also id.* at 1541 ("[T]he fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, or other paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated.").

---

[2] Defendant Young has not provided the Court with case law that unequivocally states the fugitive disentitlement doctrine applies to purely civil cases that are unrelated to criminal proceedings. *See e.g.*, *Cordell v. Tilton*, 515 F. Supp. 2d 1114, 1119-1120 (S.D. Cal. Sept. 17, 2007) ("Courts have regularly applied this doctrine to dismiss both criminal appeals and *related civil proceedings* instituted by fugitives." (emphasis added)). There is a non-frivolous argument the doctrine does not apply to Plaintiff's lawsuit. *See Conforte v. C.I.R.*, 692 F.2d 587, 590 (9th Cir. 1982) ("[Plaintiff] also argues that [the fugitive disentitlement doctrine] applies to civil cases only where a fugitive seeks relief based upon a claim related to his prior criminal convictions. . . . We need not decide whether [the doctrine] demands such a nexus requirement since in this case we have no difficulty concluding that [Plaintiff's] previous conviction [relates to this civil proceeding].").

1        Last, Defendant's argument that Rule 11 sanctions are required because Plaintiff's

2   claims are barred by collateral estoppel is also rejected. Although the Court does agree

3   that collateral estoppel bars all of Plaintiff's claims as to Defendant Young, it was not so

4   clear that collateral estoppel barred Plaintiff's claims such that the Second Amended

5   Complaint is frivolous. The claims against Defendant Young were not "patently

6   unmeritorious" in this Court's view. *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*,

7   893 F.2d 1109, 1115 (9th Cir. 1990).

8        In deciding whether Plaintiff's claims were barred by collateral estoppel, the Court

9   analyzed many difficult legal questions, including the preclusive effect of a default

10  judgment under Texas state law and what issues were "fully and fairly litigated" in the

11  Texas state court proceedings. ECF No. 120 at 16-18; *cf. Lundstrom*, 857 Fed. Appx. at

12  954 n.2 ("We deny [the request for sanctions] because this appeal does not present highly

13  exceptional circumstances warranting sanctions, but instead involves complex issues

14  relating to the *Rooker-Feldman* doctrine . . . ."). Prior to this Order, the Court had not yet

15  answered whether collateral estoppel applied to Plaintiff's claims.

16       "The key question in assessing frivolousness is whether a complaint states an

17  arguable claim—not whether the pleader is correct in his perception of the law." *Hudson*

18  *v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987). Under Rule 11, a court

19  should not "'examine the complaint in the same manner as a court considering a Rule

20  12(b)(6) motion,' because ultimate failure on the merits is irrelevant." *Id.* (quoting

21  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986)). Thus, that Plaintiff's

22  claims against Ms. Young were dismissed as barred by collateral estoppel does not

23  necessarily mean that the claims were frivolous.

24       Further, the Ninth Circuit explicitly instructed this Court to consider the defense of

25  collateral estoppel on remand. *See Lundstrom v. Young*, 857 Fed. Appx. 952, 954 n.2 (9th

26  Cir. 2021) ("[W]e remand those claims to the district court to consider any other

27

28

18-cv-2856-GPC

defenses, including claim and issue preclusion, in the first instance."). The Court cannot now sanction Plaintiff and his Counsel for asking this Court to do what the Ninth Circuit mandated. *Id.*

## II.    28 U.S.C. § 1927

28 U.S.C. § 1927 states that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[3] A showing of subjective bad faith must be made for a Court to impose § 1927 sanctions. *In re Peoro*, 793 F.2d 1048, 1051 (9th Cir. 1986). Bad faith is present when an attorney "knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas*, 792 F.2d at 860. "For sanctions to apply [under § 1927], if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

As already discussed, Plaintiff's Second Amended Complaint is not frivolous. There was a real question whether collateral estoppel applied, and the Ninth Circuit expressly directed this Court to consider this issue, among others, on remand.

Thus, to support § 1927 sanctions, the Court must find that the Plaintiff's conduct or litigation tactics were an attempt to harass Defendant Young. The Court finds there is

---

[3] Plaintiff is correct to point out that § 1927 sanctions "cannot be imposed for the filing of an initial complaint." *In re Keegan*, 78 F.3d at 435 ("We have twice expressly held that § 1927 cannot be applied to an initial pleading."). However, this is not an initial pleading. This is Plaintiff's Second Amended Complaint and his third attempt at filing a Complaint. *See Pascual v. Wells Fargo Bank, N.A.*, 2014 WL 582264, at *7-8 (N.D. Cal. Feb. 13, 2014) (finding an amended complaint subject to sanctions under § 1927); *cf. Mirch v. Frank*, 266 Fed. Appx. 586, 588 (9th Cir. 2008) (finding a third-party complaint was not an initial pleading because it could not have arisen "absent an underlying case").

not sufficient evidence to show this action was commenced primarily to harass Ms. Young. It is true Ms. Young and Plaintiff have a long history of litigation in both this Court and the Texas state court system. However, this alone is not enough to show that the current lawsuit is an attempt to harass. The Court cannot conclude that the purpose of this litigation is to harass Ms. Young as much as the purpose is to recover a substantial amount of assets Plaintiff (rightfully or wrongfully) believes Defendant Young unlawfully possesses.

The Court also does not think that the case removed from state court and now before Judge Battaglia constitutes finding that Plaintiff is a vexatious litigant and should be sanctioned under § 1927. As Plaintiff argues in his Opposition to the Motion for Sanctions, there are conceivable strategic reasons Plaintiff filed a state court action. ECF No. 117 at 14-15.

Further, the Court is not able to issue sanctions under § 1927 for filing a complaint in state court, even if the state court action involves identical claims to those raised in federal court. "§ 1927 limits a federal court's ability to sanction an attorney for conduct before another court." *GriD Sys. Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318, 1319 (9th Cir. 1994). If a state court action has been removed to federal court, § 1927 will only allow sanctions if the party unreasonably and vexatiously multiplied the proceedings while in the federal court. *Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 2011 WL 13373980, at *2 (N.D. Cal. Mar. 17, 2011) (citing *GriD*, 41 F.3d at 1319). "The issue becomes whether there is a basis for [sanctioning Plaintiff] based on Plaintiff's conduct after the case was removed." *Id.*

Here, upon removal of the state court action to federal court, the Parties filed a Joint Stipulation to stay the case pending the outcome of the appeal to the Ninth Circuit, and then Plaintiff's subsequent petition to the Supreme Court of the United States. *See Lundstrom v. Young et al.*, No. 3:20-cv-2309-AJB-RBB (S.D. Cal.) (Docket Nos. 3, 4).

8

18-cv-2856-GPC

The case before Judge Battaglia remains stayed as of the signing of this Order. *Id.* Thus, the Court cannot say that Plaintiff "unreasonably and vexatiously" multiplied the litigation once the state court action was removed to federal court. Plaintiff and the Parties did the opposite. Nonetheless, "[t]he Court reserves the right to reconsider this matter if there is further litigation in federal court." *Granite Rock Co.*, 2011 WL 13373980 at *7.

## CONCLUSION

There is no doubt this litigation involves years hostility between Plaintiff and Defendant Young. However, at present, the Court does not find that sanctions are appropriate under either Rule 11 or § 1927. Defendant Young's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 27, 2022

Hon. Gonzalo P. Curiel
United States District Judge

9

18-cv-2856-GPC